DICKEY (ROBERTS v.). See Case No. 11,-899.

---

## Case No. 3,895.

### In re DICKINSON.

[18 N. B. R. 514;[1] 26 Pittsb. Leg. J. 143.]

District Court, W. D. Tennessee. Nov. 27, 1878.

BANKRUPTCY — POWERS OF REGISTER — ADJOURNMENT OF CREDITORS' MEETING.

1. The register has no power to adjourn a meeting of creditors by letter, or otherwise than by attending the meeting at the time and place designated for its assembling.

2. The warrant in this case was returnable on September 15th, but the register was prevented from attending at said time by the prevalence of yellow fever. Being absent from the city, and a portion of the time from the state, he made orders of adjournment, and forwarded them to his assistant. Held, that the meeting wholly failed, and that a new warrant should issue, appointing another meeting, to be served as if no warrant had ever been issued.

In the above case the warrant was issued by the undersigned in June, returnable 15th day of September, 1878. The register, being prevented from attending at said time by prevalence of yellow fever, and being absent from the city, and a portion of the time

absent from the state, made and forwarded to his assistant orders of adjournment, first to October 15th, then to November 15th, and then to November 25th. In the meantime, viz. since November 15th, the bankrupt and such creditors as have filed claims have been notified that this November 25th was the day to which the matter was adjourned for election of assignee. On this, the 25th of November, 1878, said bankrupt, by attorney, and the only creditors whose claims are filed,—two in number,—appear, and ask that the case be proceeded with, without further adjournment. The warrant was duly executed, both as to notices on all the creditors and by publication; so that, although on the day first appointed they were prevented by the epidemic from attending, they have full knowledge of the pendency of these proceedings, and have had reasonable time since the removal of all cause for delay in filing claims, for the purpose of participating in the choice of an assignee. For all other purposes they can still file claims. More than five months have elapsed since they were duly notified by the marshal. In the opinion of the register there is no objection to complying with the joint petition of the bankrupt and the only creditors whose claims are filed, but the question is respectfully submitted for such order as your honor deems proper. T. J. Latham, Register.

John P. Edmondson, for bankrupt.

HAMMOND, Judge. I do not concur with the register in the foregoing opinion certified by him. General order in bankruptcy, No. 5, limits the power of the register to the time and place fixed by the court in the special order under which he acts, or to the time and place fixed by him, acting under the authority of a general order of the court. There is nothing in the statutes or any general order of the court, or the rules prescribed by the supreme court, authorizing a register to adjourn a meeting of creditors by letter, or otherwise than by attending the meeting at the time and place designated for its assembling. During the epidemic just closing, the courts were virtually closed, and the meeting of creditors appointed in this case has wholly failed, without any fault on the part of the creditors. Their right to choose an assignee cannot be prejudiced by a failure, under the circumstances of this case, to attend a meeting appointed at a time and place when and where a deadly disease was prevailing to such an extent that it was dangerous to hold it. Let a new warrant issue, appointing another meeting, to be served as if no warrant had ever issued. The clerk will certify this opinion to the register.

---

[1] [Reprinted from 18 N. B. R. 514, by permission.]